[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11269
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2008
THOMAS K. KAHN
CLERK

Agency Nos. A21-147-513
A96-282-266

HIPOLITO GARAY,
PAUL ALEJANDRO GARAY,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 28, 2008)**

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Hipolito Garay ("Garay") and his son, Petitioner Paul Alejandro

Garay ("Paul"), seek review of the Board of Immigration Appeals' ("BIA")
decision affirming the Immigration Judge's ("IJ") order of removal and denial of
asylum.[1]

On appeal, the petitioners argue that the BIA erred, as three of its findings
were unsupported by substantial evidence: (1) the adverse credibility
determination, (2) the petitioners' failure to establish past persecution, and (3) the
petitioners' failure to establish a well-founded fear of future persecution.

## I. Facts and Procedural History

Garay, a native of Colombia and dual citizen of Colombia and Venezuela,
was a member of the Liberal Party in Colombia. Through that affiliation his
company, Quantum Ltd., received contracts to provide electrical services to the
Colombian government.[2] According to Garay, his political affiliation and
Quantum's government contracts caused him to become a target of Revolutionary
Armed Forces of Columbia ("FARC") guerillas.

Garay entered the United States in August 2000 and Paul entered in January
2001, both pursuant to visitor visas. Garay's status was later changed to that of a

---

[1] The BIA decision also listed Maria Del Pilar Bernal, but she is not included in this
petition for review.

[2] Paul was also a member of the Liberal Party and the grounds for his petition are the
same as his father's. The facts of this opinion are therefore formulated largely around events in
Garay's life, but apply equally to Paul's petition.

"specialty occupational professional." Both Garay and Paul, however, overstayed their visas.[3] On November 21, 2002, Garay and Paul filed separate applications for asylum with Immigration and Naturalization Services, claiming that based on past incidents involving the FARC, they feared returning to Colombia because of their political beliefs.[4] Their applications were referred to immigration court and the Department of Homeland Security ("DHS") issued Garay and Paul Notices to Appear, charging each with removability.

A hearing was conducted, at which time the petitioners presented affidavits and live witnesses. The witness' varying accounts included allegations of the following: in November 1999, five armed FARC members came to Garay's office while he was away, detained and threatened his employees, interrogated them about Garay and his wife's whereabouts, and caused damage to the office and property contained therein. In February 2000, Garay received a telephone call warning him that if he did not withdraw Quantum's bid for a public utility company, the FARC would "make justice." A week after Quantum was awarded the contract, Garay received a phone call from FARC stating that he would be

---

[3] Garay's via expired when his employer became inactive or closed on October 2, 2002. Paul's visa expired by its terms on July 13, 2001.

[4] The IJ noted that Garay's application was not filed within one year of his arrival in the United States, but nonetheless considered it because it was filed within a reasonable time after the expiration of his valid non-immigrant status.

killed. He thereafter left Colombia for the United States in March 2000 out of fear for his life, but returned three months later in hope that he would no longer be in danger because enough time had passed. On August 20, 2000, an SUV containing armed FARC members attempted to stop Garay's car, but he successfully eluded them. Paul similarly received death threats over the telephone from FARC and, in December 2000, a vehicle attempted to block his path, but Paul evaded it.

Among the evidence presented by petitioners was a document that purported to be a November 12, 1999 Colombian police report, detailing the alleged break-in at Quantum. The DHS questioned the authenticity of this document and DHS's forensic document examiner testified that because the police station's letterhead and seal were made by ink jet technology, which is an uneconomical and unusual way to make police reports, she believed the document was likely a forgery.

The IJ denied Garay's and Paul's claims, finding that: (1) Garay's testimony was not credible, based in part on the finding that the police report was a forgery; (2) the petitioners had not established past persecution (3) the petitioners had not established a well-founded fear of future persecution. Both petitioners appealed this decision, and on February 29, 2008, the BIA dismissed their appeal, but only on the past and future persecution grounds. The instant petition followed.

## II. Discussion

The petitioners seek review of the dismissal of their petitions by the BIA, arguing that none of the three grounds asserted by the IJ was supported by substantial evidence. The BIA's dismissal of the petitioners' appeal, however, was only based on the issues of past and future persecution. The BIA did not affirm the IJ's credibility finding, and instead assumed credibility and dismissed based on the substantive merits. We therefore will not consider whether substantial evidence supports the IJ's conclusions that Garay lacked credibility and presented a forged police report. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) ("[w]e review only the Board's decision, except to the extent that it expressly adopts the IJ's opinion").

The BIA's factual determinations, including the existence of past persecution and a well-founded fear of persecution, are reviewed under the substantial evidence test. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). The substantial evidence test is very deferential and we will affirm the BIA's decision so long as it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue, 401 F.3d at 1286 (citation omitted). The record is reviewed in the light most favorable to the BIA's decision, and all reasonable inferences are drawn in favor of that decision. Id.

An alien may establish eligibility for asylum by showing that he has either suffered past persecution or has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). To establish asylum based on past persecution, the applicant must prove (1) that he was persecuted, and (2) that the persecution was on account of a protected ground. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). Mere harassment does not amount to persecution because "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations and citations omitted). This court has rejected a "rigid requirement of physical injury," noting that "'attempted murder is persecution,' regardless of whether the petitioner was injured." De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1008 (11th Cir. 2008) (internal quotation omitted). Nonetheless, menacing telephone calls and threats are insufficient to establish persecution. See Sepulveda, 401 F.3d at 1231.

The witness' testimony indicated that the FARC bound and interrogated employees at Quantum, but neither of the petitioners were present during this event.[5] Because they were not directly threatened or harmed, this evidence does

---

[5] We note that there is no requirement that the petitioners be present for events such as kidnaping or threats in order to establish past persecution. In De Santamaria, we found past persecution where, amongst other things, FARC members tortured and killed the petitioner's groundskeeper because he would not disclose the petitioner's location. De Santamaria, 525 F.3d at 1009. The facts of the instant case, however, fail to rise to this level. None of the employees

6

not compel a finding of past persecution. See Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290 (11th Cir. 2006) (a "five-day detention [where the petitioner was actually detained but] during which he was not harmed does not compel the conclusion that he experienced past persecution"). Moreover, although Garay testified that FARC members attempted to stop his car and were in possession of guns, they did not point their guns at him or otherwise attempt to injure him. Similarly, at the most Paul's testimony indicated that FARC members used their car to block the road and that he successfully eluded it. Paul did not establish that he was the target of this roadblock, that FARC thereafter made any further attempts to stop him, or that they planned to injure him. The BIA was not required to find that these events arose to the high standard of "persecution."

A well-founded fear of future persecution requires that the petitioner "demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable," Al Najjar, 257 F.3d at 1289, and is at least in part on account of a protected ground. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1233 (11th Cir. 2007). "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution. In most cases, the objective prong can be fulfilled either by establishing past

---

at Quantum were injured and only property was destroyed.

7

persecution or that he or she has a good reason to fear future persecution." Al Najjar, 257 F.3d at 1289 (citation and quotation marks omitted).

As explained above, the petitioners did not establish past persecution, so they must demonstrate a good reason to fear future persecution. Garay argues that the reason he became a target of the FARC is because Quantum worked on projects for the Colombian government. Garay admitted that he no longer has any communication with Quantum and has not done any work for the Colombian government since moving to America. Moreover, Garay testified that Quantum is now likely defunct for failure to pay taxes. As such, substantial evidence supports the BIA's determination that the petitioners would no longer be a target of the FARC as petitioners had broken ties with the Colombian government and a significant amount of time has passed. Thus, petitioners failed to show a well-founded fear of future persecution.

For the reasons stated, the petition is denied.

**DENIED.**